**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NIZZA P. EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-CV-1357-SRW |
| | ) |
| PAT MATTINGLY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of documents submitted by Nizza P. El, also known as Orlando Preston. For the reasons explained below, plaintiff will be allowed to proceed *in forma pauperis*, and this action will be dismissed without further proceedings.

### **Background**

The following is relevant to the case at bar. In *United States v. Preston,* No. 4:13-cr-143-CDP (E.D. Mo. Jun. 30, 2014), plaintiff pleaded guilty to conspiracy, mail fraud, and operating a chop shop. On June 14, 2014, the Honorable Catherine D. Perry sentenced plaintiff to serve a total of 60 months in prison, followed by three years of supervised release. The judgment was affirmed on appeal. At the time he initiated this civil action, he was not incarcerated or detained in a facility.

During part of the time plaintiff spent on supervised release, he was supervised by United States Probation Officer Marc Pillow. On December 15, 2021, after Officer Pillow reported that plaintiff had violated the conditions of his supervision, Judge Perry held a hearing and found plaintiff had violated his supervised release. Judge Perry revoked plaintiff's release, and continued the hearing to be reset at a later date. As of the date of this Memorandum and Order, plaintiff is in federal custody.

Plaintiff initiated the instant action in the United States District Court for the Central District of Illinois. In an order dated November 16, 2021, the Honorable Joe B. McDade noted that although plaintiff's filings were a "hodgepodge of legalese," it was apparent that venue did not lie in the Central District of Illinois, and was instead proper in this judicial district. Judge McDade then ordered the action transferred here.

Included with plaintiff's filings is a document in which he avers he has "no gold or silver coins," and expresses his belief that court filing fees violate due process. The Court liberally construes this document as a motion for leave to proceed *in forma pauperis* in this matter, and will grant plaintiff such leave.

## Plaintiff's Filings

As Judge McDade noted, plaintiff's filings are indeed a hodgepodge of legalese. As best the Court can tell, the first of plaintiff's filings is the civil complaint for this matter. It is titled "The Moorish National Republic, The Moorish Divine and National Movement of the World, Aboriginal/Indigenous Natural Peoples of North-West Amexem North America, 22nd judicial court of missouri [*sic*]." It is replete with legalistic gibberish, and it references a "Treaty of Peace and Friendship" between the Moors and the United States. Plaintiff identifies himself as "Nobleman Nizza P El, Natural Person, In Propria Persona Sui Juris . . . Aboriginal Indigenous Moorish-American possessing Free-hold by Inheritance and Primogeniture Status, standing Squarely Affirmed, aligned and bound to the Zodiac Constitution . . .".

Plaintiff identifies the defendants as St. Louis City employees Pat Mattingly and Maureen Watson. He does not specify the capacity in which he sues either defendant. He states he invokes the jurisdiction of this Court under the "Zodiac Constitution," and he avers he brings civil rights claims, claims under 42 U.S.C. § 1985, and claims under federal criminal statutes.

It appears the events giving rise to plaintiff's claims occurred in June of 2021 in or around the St. Louis City Assessor's Office. Plaintiff alleges Watson "stole religious documents from the counter" while Mattingly went into the hall and reported that plaintiff was screaming, shouting, and throwing papers. Plaintiff characterizes those actions as slander and stealing. He avers he spoke to a "Marshall" and protested that he was doing nothing wrong.

Plaintiff includes a long prayer for relief. He begins by asking this Court to enforce "the Divine Constitution and By-Laws of the Moorish Science Temple of America," and avers the "Treaty of Peace and Friendship" classifies "Moorish Americans as Federal Citizens Possessing Freehold by Inheritance Status." He also "demand[s]" that this Court stop the defendants' abuses of his authority, he asks the United States Supreme Court to fulfill its obligation to preserve his rights, and so forth. He also seeks monetary relief from each defendant.

Plaintiff also submitted a filing that purports to be an application for writ of habeas corpus, naming Officer Pillow as the respondent. This filing is also replete with legalistic gibberish. It contains a signature block but is unsigned, and it has no stated or apparent relationship to the claims plaintiff asserts against the named defendants in this action. In the filing, plaintiff describes an October 27, 2021 incident in which federal agents visited a building looking for him, but he was not there. Plaintiff does not allege he had contact with the agents on that date, or that they harmed him. Plaintiff submitted this document in a separate cause of action he filed against Officer Pillow in the matter *El v. Pillow,* No. 4:21-cv-1335-DDN (E.D. Mo. Nov. 10, 2021). Plaintiff also submitted documents related to the Moorish Temple of Science, a copy of a Missouri Nondriver license, a card purporting to identify him as a Moorish National, and other filings.

On December 9, 2021 plaintiff filed a document titled "Affadavit [*sic*] of Fact Letter of Fire & Sword Letter of Rosator" addressed to Judge McDade. In the document, plaintiff avers that

3

United States Marshals "kidnapped" him on November 22, 2021, and that he is now incarcerated. He avers he is a Chairman for the Moorish Science Temple of America, and is not a "Corporation or Ward of the State." He asks Judge McDade to release him from confinement.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Discussion**

Despite having liberally construed plaintiff's filings and presumed the veracity of the alleged facts, the Court can discern no claim with a legitimate basis in law or fact. Plaintiff alleges no facts permitting the inference that the defendants reached an agreement to deprive him of equal protection, privileges, or immunities under the laws, as required to state a viable claim under 42 U.S.C. § 1985. *See Mendoza v. United States Immigration & Customs Enf't*, 849 F.3d 408, 421 (8th Cir. 2017). Plaintiff also fails to allege facts permitting the inference that he was deprived of

4

a federally-protected right by a person acting under color of state law, as required to state a viable claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Finally, while plaintiff avers he wishes to initiate a criminal action against the defendants, he cannot compel the criminal prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Plaintiff clearly bases his claims, including his claim that United States Marshals "kidnapped" him, upon the theory that he enjoys sovereign status as a Moor. This is an indisputably meritless legal theory. All citizens of the United States are subject to the laws thereof, and there is no legitimate basis to conclude plaintiff is not a United States citizen. Additionally, the United States has not recognized the Moorish Nation as a sovereign state, and even aliens are subject to United States law. *See Osiris v. Brown,* 2005 WL 2044904 *2 (D. N.J. Aug. 24, 2005) (citing *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988)). The terminology and phrases plaintiff uses are the type often used by those who assert claims based on the theory that they are special "sovereign citizens" who are exempt from federal, state, and/or local law. Such theories have been summarily rejected as frivolous by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); *United States v. Simonson*, 563 F. App'x. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous).

Having carefully reviewed and liberally construed plaintiff's filings, the Court concludes this action must be dismissed. Plaintiff's pleadings fail to state a claim upon which relief may be granted because they contain no facts that would state a plausible claim for relief. *See Iqbal,* 556

5

U.S. at 679. Additionally, this action is frivolous because plaintiff's claims are clearly based upon an indisputably meritless legal theory. *See Neitzke,* 490 U.S. at 325 (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). The Court can envision no amendment to the complaint that would cause it to state a non-frivolous cause of action. This action will therefore be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's filing construed as a motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** to the extent plaintiff seeks leave to proceed *in forma pauperis* in this matter, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of January, 2021.

                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE